IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PAUL RICHMOND AND JANA RICHMOND,

    Plaintiffs,                   Civ. No. 04CV-1172-AA

    v.

FIRST NATIONAL INSURANCE        OPINION AND ORDER
COMPANY OF AMERICA,

    Defendant.

---

Mark McDougal
Gregory Kafoury
Kafoury & McDougal
320 SW Stark Street, Suite 202
Portland, Oregon 97204
    Attorneys for plaintiffs

Beth Skillern
Holly E. Pettit
Bullivant Houser Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
    Attorneys for defendant

AIKEN, Judge:

Plaintiffs, Paul Richmond and Jana Richmond, bring this action against First National Insurance Company of America seeking a declaratory judgment under a personal auto policy issued by defendant. Defendant moves for summary judgment against plaintiffs. For the reasons set forth below, defendant's Motion for Summary Judgment is granted.

**FACTS**

On July 12, 2002, plaintiffs were injured in an automobile collision with a vehicle driven by Lance Stewart. Lance Stewart was insured under an automobile liability policy issued by Allstate Insurance Company with a liability limit of $50,000 per person/ $100,000 per accident. Plaintiffs settled their claim against Lance Stewart for $100,000.

At the time of the accident, plaintiffs were operating a vehicle owned by plaintiff Jana Richmond's employer, Alterra Healthcare. The vehicle was insured under a business auto policy issued to Alterra Healthcare by Liberty Mutual Insurance Company (Liberty Mutual). This policy provided uninsured/underinsured motorist (UM/UIM) coverage with a liability limit of $1,000,000 per accident. Plaintiffs received $900,000 in UIM benefits from Liberty Mutual.

Plaintiffs also are named insureds under a personal automobile policy issued by defendant that was in effect on the date of the

accident. This policy provides liability coverage of $100,000 for each person/$300,000 for each occurrence. It also provides UM and UIM coverage of $100,000 for each person/$300,000 each accident.

On July 27, 2004, plaintiffs brought a declaratory judgment action in the Circuit Court of the State of Oregon against defendants regarding the amount of UIM coverage due plaintiffs. On August 24, 2004, defendant removed that action to this court.

**STANDARD OF REVIEW**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56©). The materiality of a fact is determined by the substantive law on the issue. T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). The authenticity of a dispute is determined by whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond

the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply to evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Electrical, 809 F.2d at 630.

**DISCUSSION**

Plaintiffs seek to determine the scope of insurance coverage under the policy issued by defendant. Plaintiffs assert that terms of UIM coverage provided in defendant's policy are ambiguous and should be construed against defendant, resulting in the recovery of $100,000 for each plaintiff. Defendant asserts that the terms of UIM coverage provided is unambiguous, and that the policy language should control, resulting in a total recovery of $100,000 for both plaintiffs.

Under Oregon law, "the interpretation of [insurance] policy language -- that is, the determination of its scope and content -- is a matter of law, committed to the court and not to the jury." Farmers Ins. Co. v. Munson, 145 Or App 512, 519, 930 P.2d 878 (1996)(citing Hoffman Construction Co. v. Fred James & Co., 313 Or 464, 469, 836 P.2d 703 (1992)). The rule in construction of insurance contracts is to ascertain the intention of the parties.

Hoffman, 313 Or at 469, 836 P.2d 703 (citing Totten v. New York Life Ins. Co., 298 Or 765, 770, 696 P.2d 1082 (1985)). The intention of the parties is determined according to the terms and conditions of the policy. Or. Rev. Stat. § 742.016; North Pacific Ins. Co. v. Hamilton, 33 Or 20, 24, 22 P.3d 739 (2001). As the Oregon Supreme Court explained in North Pacific, "[t]he policy must be viewed by its four corners and considered as a whole. All parts and clauses of a policy must be construed to determine if and how far one clause is modified, limited or controlled by others." Id.

If the meaning of a term in an insurance policy is ambiguous, the court construes that term in favor of coverage and against the insurer who drafted the policy. Hoffman, 313 Or. at 469, 836 P.2d 703. However, a term is not ambiguous unless there are two or more interpretations of the term that are reasonable in light of the particular context in which that term is used and the context of the policy as a whole. Id. at 470. As the Hoffman court explained, "there needs to be more than a showing of two plausible interpretations." Id.

In the automobile insurance policy issued by defendant, describing UM and UIM coverage, a section entitled "Other Insurance" provides:

> If there is other applicable insurance available under one or more policies or provisions of coverage that is similar to the insurance provided under this Part of the policy:

5 - OPINION AND ORDER

> 1. Any recovery for damages under all such policies or provisions of coverage may be equal but not exceed the highest applicable limit for any one vehicle under any insurance providing coverage on either a primary or excess basis.
>
> 2. Any insurance we provide with respect to a vehicle you do not own shall be excess over any collectible insurance providing coverage on a primary basis. . . ."

Defendant's Motion for Summary Judgment, Ex. B, p. 5.

Defendant asserts that the language of its policy is unambiguous with respect to UIM and excess coverage limits, and that its policy provides UIM benefits of no more than $100,000 for plaintiffs in total. Defendants arrive at $100,000 by subtracting the $900,000 recovered under the Liberty Mutual policy from the maximum coverage amount of $1,000,000 under the same policy.

In the section entitled "Other Insurance" defendant's auto insurance policy clearly states that "any vehicle we provide with respect to a vehicle you do not own shall be excess over any collectible insurance providing coverage on a primary basis." Defendant's Motion for Summary Judgment, Ex. B, p. 5. It is undisputed that plaintiffs did not own the vehicle in which they were riding when the accident occurred. It is also undisputed that Liberty Mutual provided primary coverage of this vehicle through Jana Richmond's employer, Alterra Healthcare, and plaintiffs collected under that policy. Therefore, pursuant to the plain language of defendant's policy, the coverage defendant provides in this situation is excess coverage.

6 - OPINION AND ORDER

Defendant's policy further states "any recovery for damages under all . . . policies. . . may equal but not exceed the highest applicable limit for any one vehicle under **any** insurance providing coverage on either a primary or excess basis." Motion for Summary Judgment, Ex. B. p. 5 (emphasis added). Out of the policies in question, the Liberty Mutual policy has the highest coverage limit, with a limit of $1,000,000 per accident. Therefore, the maximum that plaintiffs can recover is $1,000,000 per accident.

Plaintiffs were involved in a single accident. Plaintiffs recovered $900,000 under Liberty Mutual's policy. Accordingly, under the policy issued by defendants,' the maximum plaintiffs can recover is a total of $100,000.

Plaintiffs assert that because defendant's policy provides UIM coverage in the amount of $100,000 per person, plaintiffs' limit should be calculated on a per person basis, and each should each recover $100,000. By the clear language of defendant's policy, however, defendant's coverage is excess coverage. Moreover, plaintiffs ignore the unambiguous language of the policy which states that excess coverage cannot be an amount exceeding the "highest applicable limit for any one vehicle under any insurance providing coverage," which is $1,000,000 in this case. Because the primary coverage from Liberty Mutual provides the maximum amount recoverable in stated in "per accident" terms, the policy issued by defendant limits plaintiffs' recovery to $100,000.

7 - OPINION AND ORDER

## CONCLUSION

For the reasons set forth above, defendant's Motion for Summary Judgment (doc. 10) is GRANTED. Judgment shall issue for defendant.

IT IS SO ORDERED.

Dated this __2__ day of May, 2005.

                    /s/ Ann Aiken
                      Ann Aiken
            United States District Court Judge